United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Guillermo A. Montero, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-20168-Civ-Scola |
| | ) |
| United States of America and others, Defendants. | ) |

**Order to Show Cause**

This matter is before the Court upon an independent review of the record.

After filing what purports to be a proof of service with respect to Defendant Daniel Santilli (ECF No. 16), Plaintiff Guillermo A. Montero, proceeding pro se, moved for the entry of a Clerk's default. The Clerk entered the default shortly thereafter. (ECF Nos. 19.) Ordinarily, the Court would next direct the Plaintiff as to the procedures for seeking a default judgment. However, after reviewing the record, the Court finds Montero does not appear to have properly effected service on Santilli.

According to the "proof of service" that Montero filed, someone named Greta Curtis says she "served the summons on . . . Arturo Bravo, Esq., who is designated by law to accept service of process on behalf of . . . Daniel Santilli, per FL stat 48.193(1)(a)(2); FRCP 4(e)(1)(C); FRCP 4(n)(1) and (2)." (ECF No. 16, 1.) Curtis further explains that "Service was by Florida Southern District Local Rule," but does not specify to which rule she is referring. (*Id.*) She then goes on to inform that "Defendant[']s attorney signed the postal return receipt," and then cites, for support, "FRCP 64, FRCP 5(b)(1)." (*Id.*)

Federal Rule of Civil Procedure 4 sets forth the methods by which a person may be served. The other rules Montero references are not applicable. Under Rule 4(e), service on an individual within a judicial district of the United States may be accomplished by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).[1] It appears Curtis and Montero believe that one's status as an

---

[1] Rule 4 also allows service on an individual by any method permitted under state law. As relevant here, Florida Statutes section 48.021(1) requires service to be effectuated by either the

attorney for a defendant automatically qualifies that attorney to accept service. They are mistaken. Simply put, a "person's attorney is not authorized to receive process simply because of his status as attorney." *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982) (Kehoe, J.). Instead, to be effective, "[t]he party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney." *Id*. There is no suggestion, never mind a showing, that that has occurred here.

Regardless, even if Bravo had had authority to accept service for Santilli, "service via certified mail is improper under federal and state law unless the defendant waives personal service under Fed. R. Civ. P. 4(d) or Fla. R. Civ. P. 1070(i)." *Timms v. DeFrancesco*, 3:18CV2148-MCR-HTC, 2019 WL 4677498, at *3 (N.D. Fla. Aug. 26, 2019), *report and recommendation adopted*, 3:18CV2148-MCR-HTC, 2019 WL 4675769 (N.D. Fla. Sept. 25, 2019). Because there is no evidence, or even suggestion, that Santilli agreed to waive personal service, service by certified mail here appears to be ineffective.

Because the Court cannot discern from this record that service has been effectuated, Montero is ordered to show cause on or before **April 22, 2022** why service on Santilli was effective and why the Clerk's default that was entered should not otherwise be vacated. If Montero cannot demonstrate that service was effective, he must so notify the Court, also on or before **April 22, 2022**. If the Court vacates the defaults, Montero will then have until **May 1, 2022** to properly effect service. Montero is notified, in keeping with Rule 4(m) of the Federal Rules of Civil Procedure, that the Court will dismiss the case against Santilli, without prejudice, unless he timely serves Santilli by that date or establishes with the Court—before this deadline—that good cause exists for the failure. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant.").

**Done and ordered** at Miami, Florida, on April 13, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

sheriff of the county where the person to be served is located or by a certified process server. Fla. Stat. § 48.021(1). Curtis does not say she is either.