United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Guillermo A. Montero, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-20168-Civ-Scola |
| | ) | |
| United States of America and others, Defendants. | ) ) | |

### Omnibus Order

Plaintiff Guillermo A. Montero, proceeding pro se, commenced this action by filing what he titled a "Verified Complaint for Intervention by Secured Creditor for Damage" (Compl., ECF No. 1). Among the defendants are the United States, Daniel Santilli, two real properties, and three financial assets. As the deadline for service approached, the Court notified Montero that his case would be dismissed, without prejudice, if he did not serve the Defendants by April 12, 2022. In response, Montero filed two purported proofs of service, one on the Unites States (ECF No. 15) and the other on Santilli (ECF No. 16), and sought an extension of time to complete service on the three financial assets (Pl.'s Resp., ECF No. 24). In support of the extension, he cites to three "Supplemental Warrants of Arrest" that he filed (ECF Nos. 7–9), in conjunction with the three financial-asset defendants, that he says must be issued so that the United States Marshal can effect service on those defendants. (*Id.* at 2.) Accordingly, Montero asks the Court afford him an additional 60 days to effect service and, at the same time, asks the Court to execute the warrants to facilitate service on the financial assets. The Court denies both requests and, therefore, **denies** Montero's motion in its entirety (**ECF No. 24**).

First, the Court **strikes** Montero's "Supplemental Warrants." (**ECF Nos. 7–9**). Within the warrants themselves, Montero purports to seek their issuance as provided for by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In the current motion, however, Montero refers to the Court's Local Admiralty and Maritime Rule E(2)(a) to justify the warrants' issuance. Regardless, though, of which rule Montero points to, neither supports his goal. First, Rule G governs civil-forfeiture actions, brought by the government and, therefore, has no application here. Rule G(1) of the Supplemental Rules ("This rule governs a forfeiture action in rem arising from a federal statute.") Next, the Court's local admiralty and maritime rules, which include Rule E, generally "apply to the procedures in admiralty and maritime claims within the meaning of Federal Rule of Civil Procedure 9(h)." Local

Admiralty Rule A(1). Montero points to nothing in Rule E, nor is the Court itself able to find anything, that would support Montero's attempt to use Local Admiralty Rule E to seek the issuance of warrants against financial assets already targeted by the United States in a separate civil-forfeiture proceeding. *United States v. Approximately $3,275.20 Seized from Bank of America Account Number 229052527244*, Case No. 1:21-cv-20614-RNS (S.D. Fla. 2021). And, as Montero well knows, because he has already done so, the mechanism for him to litigate his purported claims against the financial assets already at issue in that case, is to assert his claims in *that* case. Indeed, Montero has already appealed the Court's striking of his claims in that case. Montero's attempt to relitigate those claims, then, by seeking "warrants" against those assets, fails. Because the Court strikes those "warrants," and because those warrants are the sole basis upon which his motion for an extension of time for service rests, the motion is denied.

Further, Montero has, in any event, filed a notice of voluntary dismissal of both the real-estate-parcel defendants as well as the financial-account defendants. (Pl.'s Not., ECF No. 17.) That dismissal, then, appears, in any event, to render moot his request for an extension of time for service.

In sum, the Court **strikes** the three "Supplemental Warrants of Arrest in Rem" (**ECF Nos. 7–9**), **denies** Montero's motion for an extension of time (**ECF No. 24**), and **dismisses, without prejudice**, the following Defendants, based on Montero's voluntary dismissal (ECF No. 17): (1) approximately $980,091.52, substitute res for 1270 99th Street, Miami Beach, Florida 33134; (2) approximately $6,415,388.33 seized from UBS Account number FL 14456 N; (3) approximately $3,810,331.36 restrained and on deposit in Pershing, LLC Account 39K-954608; (4) real property located at 2377 Glendon Avenue, Los Angeles, California, 90064; and (5) real property located at 10421 Northvale Road, Los Angeles, California, 90064.

This case is to remain open, for now, as to Defendants Santilli and the United States.

**Done and ordered** at Miami, Florida, on April 19, 2022.

Robert N. Scola, Jr.
United States District Judge