United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Guillermo A. Montero, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-20168-Civ-Scola |
| | ) |
| United States of America and others, Defendants. | ) |

### Omnibus Order

Plaintiff Guillermo A. Montero, proceeding pro se, commenced this action by filing what he titled a "Verified Complaint for Intervention by Secured Creditor for Damage" (Compl., ECF No. 1). Among the initial defendants were the United States, Daniel Santilli, two real properties, and three financial assets. Montero voluntary dismissed the real- and personal-property defendants in April 2022. (ECF No. 17.) As to the remaining Defendants, the United States and Santilli, Montero seeks, among other things, $20,000,000 in damages for property he says has been wrongfully seized by the Government. In seeking relief, Montero sets forth three claims: a violation of the Takings Clause under the Fifth Amendment against the United States (count one); a fraud claim against the United States and Santilli (count two); and a misapplication-of-construction-funds claim under Florida Statutes against the United States (count three). In response, the Government has filed a motion to dismiss, arguing that Montero's complaint should be dismissed because (1) the issues raised are duplicative of the issues before the Court in another proceeding, a forfeiture action—*United States v. Approx. $3,275.20 Seized from Bank of America Acct.*, Case No. 1:21-cv-20614-RNS (the "Forfeiture Case"); (2) the United States has not been properly served; (3) the allegations amount to a shotgun pleading; (4) Montero fails to state a claim; and (5) the Court lacks jurisdiction. (Gov't's Mot., ECF No. 20.) Montero filed a response to the motion (Pl.'s Resp., ECF No. 36) but the Government has not replied and the time to do so has passed. After careful review, the Court **grants** the Government's motion (**ECF No. 20**) and at the same time, orders Montero to **show cause**, on or before **April 17, 2023**, why the fraud claim against Daniel Santilli should not also be dismissed.

1. **Background**

In his complaint, Montero describes his case as generally seeking "intervention of right and for damages." (Compl. at 2.) In association with his goal of intervention, Montero references the Forfeiture Case. The Court struck

Montero's claims in that case and Montero has appealed that decision to the Eleventh Circuit. Echoing his claims in the Forfeiture Action, Montero insists he has an interest in some of the property that is at issue in the Forfeiture Case. (Compl. ¶¶ 5, 10.) He describes that interest, variously, as arising out of his exercise of "dominion and control over" the real properties; his purchase of personal property that he placed on the real properties; other enhancements he made to the properties—as a "material supplier, laborer, equipment lessor and project manager for the works of improvement"; payments he says he made on behalf of Leonardo and Daniel Santilli (brothers who together owned the properties at one point) and the United States;[1] contracts he claims he had, with the Santilli brothers, "to purchase, demolish, and rebuild" the properties; his status as a member of the limited liability companies that once held title to the properties; and mechanic's liens, filed with the Los Angeles County Recorder's Office, on the two California properties. (*Id.* ¶¶ 10, 11, 13, 14, 18.) At the same time, Montero also says that the real property is in his custody but that certain accounts have been seized by the United States. (*Id.* ¶ 3.)

### 2. Dismissal of Montero's Claims Against the United States

As set forth above, Montero lodges three counts: the first seeking compensation under the Takings Clause of the Fifth Amendment against the United States; the second alleging fraud against both Santilli and the United States; and the third against the United States for misapplication of construction funds under Florida Statutes section 713.346. In addition to other relief, Montero seeks a judgment in the amount of $20,000,000.[2] (Compl. at 11.)

As to Montero's claims against the United States, the Court agrees with the Government that jurisdiction is lacking. Under long-settled principles of sovereign immunity, the United States (including its agencies and officers serving in their official capacities) cannot be sued absent its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The existence of consent, which must be expressed unequivocally, is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also United States v. King*, 395 U.S. 1, 4 (1969). Importantly, "[a] party bringing a cause of action against the federal

---

[1] In particular, Montero says he paid for the mortgages on the properties and for the "contractors, subcontractors, laborers, supplies, permits, plans, blueprints, materials, insurance, real property taxes, etc." (Compl. ¶ 11.)

[2] As previously mentioned, Montero also makes general reference to his request to intervene in the Forfeiture Case; but to do that he must file a motion in the Forfeiture Case itself. He can't intervene in an existing case by initiating a separate lawsuit.

government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

Here, Montero has not carried that burden. First, he identifies no act of Congress, nor is the Court aware of any, in which the United States has waived its immunity from suit and that would confer jurisdiction on the Court to hear Montero's claims for fraud (in count two) or the misapplication of construction funds under Florida Statutes (in count three). And second, assuming Montero stated a viable claim, in count one, for a violation of the Takings Clause of the Fifth Amendment (he likely has not),[3] jurisdiction to hear such claims is vested, by 28 U.S.C. § 1491, in the United States Court of Federal Claims. *See S. Spanish Trail, LLC v. Globenet Cabos Submarinos Am., Inc.*, 19-80240-CIV, 2019 WL 3285533, at *5 (S.D. Fla. July 22, 2019) (Altman, J.) (noting that "before bringing suit in federal district court, a party must first seek 'just compensation' in the Court of Federal Claims"). Since there is no indication that Montero first sought "just compensation" in the Court of Federal Claims, his Takings Clause claim is premature and therefore also subject to dismissal. *See id.* (dismissing purported Takings Clause claim where the claimant did not first seek "just compensation" in the Court of Federal Claims).[4]

### 3. Order to Show Cause Why Montero's Claim Against Santilli Should Not Be Dismissed

**A. Service**

Montero initiated this case in January 2022. In April 2022, Montero filed a purported proof of service with respect to Daniel Santilli (ECF No. 16) and then immediately sought the entry of a Clerk's default, claiming that Santilli had failed to timely answer (ECF No. 18). Although the Clerk entered the default (ECF No. 19), the Court, upon an independent review of the record, determined that Montero's attempted service on Santilli appeared to be ineffective. Accordingly, the Court ordered Montero to show cause why service on Santilli was effective and why the Clerk's default should not be vacated. (Order, ECF No. 21.) In response, Montero failed to show that Santilli had been properly served—and later conceded, in another filing, that service had indeed been ineffective (ECF No. 34, 3)—and instead advised that Santilli would need

---

[3] It does not appear Montero would be able to maintain a Takings Clause claim on these facts, in light of the Government's pending forfeiture case. *See Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws or subjected to *in rem* forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation.").

[4] Since the Court finds jurisdiction lacking, it declines to address the Government's other arguments in support of dismissal.

to be served in Venezuela (Pl.'s Resp. to OTSC, ECF No. 27). Accordingly, as a starting point, the Court vacates the Clerk's default (ECF No. 19) that was entered against Santilli.

Since then, it does not appear Montero has made any further effort to serve Santilli.[5] Although Federal Rule of Civil Procedure 4(m)'s ninety-day limit for service does not apply to service in a foreign country, the time allowed for foreign service is not wholly unbounded. Accordingly, if Montero does not demonstrate he has effected service on Santilli by **April 17, 2023**, he must show cause, also by that date why his claim against Santilli should not be dismissed for his failure to do so.

### B. Failure to State a Claim

As an additional matter, upon the Court's independent review of the record, Montero's remaining fraud claim against Daniel Santilli, in any event, appears to be wholly without merit. To sufficiently allege fraud, a plaintiff must set forth facts establishing the following: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (cleaned up). Additionally, fraud claims are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). "When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, [grounded on] baseless allegations used to extract settlements." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002). Thus, the Rule's "particularity" requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts

---

[5] Montero filed a "motion for the court to issue letters rogatory for service abroad." (Pl.'s Mot., ECF No. 34.) But Montero fails to provide any legal authority indicating that letters rogatory are needed in order for him to effect service on Santilli. Accordingly, the Court finds no merit to the motion.

giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing*, 287 F. App'x at 86. To satisfy this standard, fraud claims "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1213 (S.D. Fla. 2017) (Williams, J.) (citations omitted).

Montero's fraud claim comes nowhere close to this standard. Rather, Montero simply labels the Defendants' conduct as fraudulent and says they "misrepresented the facts to Montero," submitting that they "had a duty to communicate their intentions" to him and other partners in their real estate dealings. (Compl. ¶¶ 33, 36.) Without elaboration, Montero then says that the Defendants' concealment of their true intentions, "caused Montero to change his position whereby he invested millions of dollars and hours" into the real property which the United States has now seized. (*Id.* ¶ 35.) Montero's cursory, conclusory, and bare allegations fall far short of the heightened pleading standard required by Rule 9(b). Accordingly, for his case to proceed, Montero must also show cause why the remaining fraud claim, against Santilli, should not also be dismissed.

### 4. Conclusion

As set forth above, the Court **grants** the Government's motion to dismiss Montero's complaint, **without prejudice**, based on a lack of jurisdiction as to all three of his claims against the United States (**ECF No. 20**). Accordingly, the Court **denies** the Government's and Montero's motions regarding a stay in this case **as moot** (**ECF Nos. 28, 32**). Further, the Court **grants** Montero's motion (**ECF No. 29**) for an extension of time to respond to the Government's motion to dismiss, deeming his response timely.

Additionally, the Court **vacates** the Clerk's default entered against Daniel Santilli (**ECF No. 19**) and orders Montero to show cause, **on or before April 17, 2023**, why his fraud claim against Daniel Santilli should not be dismissed for both a failure to effect service and a failure to state a claim. The Court also **denies** Montero's motion for letters rogatory (**ECF No. 34**) because Montero does not explain why they are needed to effect service on Santilli.

**Done and ordered** at Miami, Florida, on March 27, 2023.

_____
Robert N. Scola, Jr.
United States District Judge